UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

William Richard Iverson,

                Petitioner,

vs.                              REPORT AND RECOMMENDATION

State of Minnesota, and Cal R.
Ludeman, Commissioner of
Human Services,

                Respondents.        Civ. No. 10-2169 (DSD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of William Richard Iverson for a Writ of Habeas Corpus under Title 28 U.S.C. §2254. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts, which provides that, "[i]f it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

II. Background

In May of 2008, an action was brought against the Petitioner in the Minnesota District Court for Washington County, seeking to have the Petitioner civilly committed as a Mentally Ill and Dangerous person under Minnesota law. In February of 2009, the Petitioner was found to be a Mentally Ill and Dangerous person, and he was civilly committed for an indeterminate term. The Petitioner is currently being detained by the State of Minnesota at the St. Peter Regional Treatment Center, in St. Peter, Minnesota.

The Petitioner challenged his civil commitment by filing a direct appeal with the Minnesota Court of Appeals. In that appeal, the Petitioner argued that:

> (1) the district court erred as a matter of law in admitting the report of one examiner and the report and testimony of another examiner into evidence; (2) appellant's commitment violated Minn.Stat. §253B.07, subd. 1 (2006); (3) sufficient evidence does not support the district court's conclusion that appellant is MI & D [i.e., Mentally Ill and Dangerous]; (4) the district court erred in ignoring recent evidence presented at the review hearing; and (5) the district court erred in authorizing the administration of an unspecified neuroleptic

>     medication for the duration of appellant's commitment.

In re Civil Commitment of Iverson, 2009 WL 2447507 at * 1 (Minn.App., August 11, 2009), rev. denied (Minn., October 20, 2009).

The Minnesota Court of Appeals rejected all of the Petitioner's challenges to his civil Commitment Order on its merits.[1] The Minnesota Supreme Court denied the Petitioner's subsequent Petition for Further Review on October 20, 2009.

On May 27, 2010, the Petitioner filed his current Application for a Writ of Habeas Corpus. The Application lists four grounds for relief, which the Petitioner has identified as follows:

> (1) Conviction [sic] obtained by violation of the privelege [sic] against self-incrimination.
>
> \* \* \*
>
> (2) Conviction [sic] obtained by a violation of the protection against double jeopardy.
>
> \* \* \*
>
> (3) Denial of effective assistance of counsel.
>
> \* \* \*

---

[1] The Court of Appeals remanded the case to the Trial Court for further proceedings with respect to the nature and duration of the forcible medication portion of the Commitment Order. In re Civil Commitment of Iverson, 2009 WL 2447507, supra at *4.

(4) Equal Protection & Due Process violation.
Petition, Docket No. 1, at pp. 5-6¶¶12A-D.

It clearly appears that none of the four (4) claims for relief, which are raised in his current Habeas Corpus Petition, were presented to the Minnesota State Courts on the Petitioner's direct appeal.[2] Therefore, we find that the Petitioner has not exhausted his State Court remedies for the claims that he is attempting to bring here and, as a result, his current Habeas Corpus Petition cannot be entertained in Federal Court at this time.

### III. Discussion

A. Standard of Review. It is well-established that a Federal Court will not entertain a Petition for a Writ of Habeas Corpus on behalf of a State detainee unless he has first exhausted all available State Court remedies. See, Title 28 U.S.C. §2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 515 (1982); Armstrong v. State of Iowa, 418 F.3d 924, 925-26 (8th Cir. 2005), cert. denied, 546 U.S. 1179 (2006)("Federal habeas relief is available to a petitioner

---

[2]The Petitioner has attempted to explain why he did not raise his current claims for relief in his State Court appeal. See Petition, Docket No. 1, at p. 6¶13. By offering that explanation, the Petitioner is acknowledging, at least implicitly, that he is now attempting to bring an entirely new set of Federal constitutional challenges to his civil Commitment Order.

- 4 -

after he 'has exhausted the remedies available in the courts of the State.'"), quoting Title 28 U.S.C. §2254(b)(1)(A).

The exhaustion of State Court remedies requirement is based on principles of comity and federalism, as its purpose is to ensure that the State Courts are given the first opportunity to correct alleged Federal constitutional errors raised by individuals in State custody. See, O'Sullivan v. Boerckel, supra at 844-845; Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Rose v. Lundy, supra at 518-19; Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 855 (8th Cir. 2003), cert. denied, 540 U.S. 1060 (2003)("The exhaustion requirement serves [The Antiterrorism and Effective Death Penalty Act's] goal of promoting 'comity, finality, and federalism,' by giving state courts 'the first opportunity to review [the] claim,' and to 'correct' any 'constitutional violation in the first instance.'"), quoting Carey v. Saffold, 536 U.S. 214, 220 (2002).

In order to exhaust his State Court remedies, a Federal Habeas Petitioner must fairly present his Federal constitutional claims to the highest available State Court before seeking relief in Federal Court. See, O'Sullivan v. Boerckel, supra at 845; Duncan v. Henry, supra at 365-66; Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997)("[B]efore we may reach

the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court.").

The exhaustion of State remedies requires more than the fact that the Federal Habeas applicant has been through the State Courts. See, Picard v. Connor, 404 U.S. 270, 275-276 (1971). To serve the purposes of exhaustion, the State Courts must have the first opportunity to hear each claim that is sought to be vindicated in a Federal Habeas proceeding. Id. at 275-76. The State Courts have an opportunity to hear a claim, when the claim has been fairly presented, by reference to a specific Federal constitutional right, a Federal case, or a State case, which raises a pertinent Federal constitutional issue. See, Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005), cert. denied, 546 U.S. 844 (2005); Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999), cert. denied, 528 U.S. 846 ( 1999); Abdullah v. Groose, 75 F.3d 408, 411-412 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996). Claims are exhausted only when the same factual underpinnings, and legal theories, were first properly raised in the State Courts. Id. "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." Cox v. Burger, supra, quoting Barrett v. Acevedo, supra at 1161-1162; see also, Abdullah v. Groose, supra at 412, citing Duncan v. Henry, supra at 366.

Finally, a State detainee must exhaust his State Court remedies for **all** of the claims that he seeks to raise in a Federal Habeas Corpus Petition. A "mixed Petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. See, Rose v. Lundy, supra at 510, 522.

B. Legal Analysis. Here, it is readily apparent that the Petitioner has not satisfied the exhaustion of State Court remedies requirement, because none of his current claims for relief has been fully adjudicated in the Minnesota State Courts. In the Petitioner's direct appeal, he attempted to challenge his civil commitment on a variety of grounds based primarily on Minnesota State law, whereas the Petitioner is now attempting to raise several new grounds for relief squarely based on the Federal Constitution.

Moreover, there is a remedy, apparently, that is still available to the Petitioner under Minnesota law, by which he may be able to raise his new Federal constitutional claims in the State Courts -- namely, an application for a **State Court** Writ of Habeas Corpus, brought under Minnesota Statutes Sections 589.01 et seq. The Minnesota Court of Appeals has explicitly held that "[t]he writ of habeas corpus is available to challenge the legality of civil commitment and may be used to present both constitutional and jurisdictional challenges." In re Larsen, 2004 WL 1049844 at *3

(Minn.App., May 11, 2004), rev. denied (Minn., July 20, 2004); see also, McDeid v. Mooney, 2004 WL 728133 at * 2 (Minn.App., April 6, 2004), rev. denied (Minn., May 26, 2004), cert. denied, 543 U.S. 1024 (2004).

The Minnesota Court of Appeals has further held that "[a]n appellant who has previously filed a direct appeal from his commitment is * * * **not** barred from raising a constitutional challenge for the first time in the context of a habeas proceeding because he is not impermissibly attempting to use the habeas proceeding as a substitute for appeal." In re Larsen, supra at *4 (emphasis added). Therefore, it appears that the Petitioner should still be able to seek and obtain review of his current Federal constitutional claims in the Minnesota State Courts.

Since the Petitioner has not shown that he has pursued, and fully exhausted, the remedies available under Minnesota's Habeas Corpus Statute, including the right of appeal under Section 589.29, we find that he has failed to exhaust his available State Court remedies with respect to the claims presented in his current Federal Habeas Corpus Petition. Therefore, the current Petition cannot be entertained in Federal Court at this time, and this action must be summarily dismissed pursuant to Rule 4 of the Governing Rules. However, we recommend that the action be dismissed without prejudice, so that the Petitioner can return to the State Courts and attempt to exhaust

his presently unexhausted claims. The Petitioner may return to Federal Court -- if necessary -- after the State Courts, including the Minnesota Supreme Court, have reviewed and decided **all** of the claims that he seeks to present in Federal Court. See, Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993).

In light of our recommendation that this action be summarily dismissed, we further recommend that the Petitioner's Application to Proceed in forma pauperis, ("IFP"), see Docket No. 2, be denied as moot. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Kruger v. Erickson, 77 F.3d 1071, 1074 n. 3 (8th Cir. 1996)(IFP application should be denied where Habeas Petition cannot be entertained). We also recommend that the Petitioner's Motion For Appointment Of Counsel, see Docket No. 3, be denied, because he has not presented any claim for relief that can be entertained at this time. See, Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995)(appointment of counsel should be considered **if** the claimant has stated a facially cognizable claim for relief), abrogated on other grounds, see Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005).

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Petitioner's Application for a Writ of Habeas Corpus [Docket No. 1] be denied.

2. That the Petitioner's Application to Proceed <u>in</u> <u>forma</u> <u>pauperis</u> [Docket No. 2] be denied as moot.

3. That the Petitioner's Motion for Appointment of Counsel [Docket No. 3] be denied.

4. That this action be summarily dismissed, but without prejudice.


Dated: June 1, 2010         *s/Raymond L. Erickson*
                                        Raymond L. Erickson
                                        CHIEF U.S. MAGISTRATE JUDGE


**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 15, 2010**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this

procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 15, 2010**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.